**FILED**
**8/18/2021**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**LK**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. **1:21-CR-00512** |
| | **JUDGE LEINENWEBER** |
| v. | **MAGISTRATE JUDGE JANTZ** |
| | Violations: Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5 |
| DENISE GREVAS | |

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. Defendant DENISE GREVAS was a resident of Evanston, Illinois. GREVAS was married to Individual A, who was employed by Company A as a director of compensation, benefits, and human resources.

    b. Company A was a pharmaceutical company headquartered overseas, with offices in Deerfield, Illinois.

    c. Company B was a pharmaceutical company headquartered in the State of Washington. Company B's stock traded on the NASDAQ stock exchange.

    d. As part of his job duties at Company A, Individual A learned that Company A was planning to acquire Company B.

    e. Company A had a written policy expressly forbidding employees from misusing or disclosing confidential information and from trading stock on the basis of material nonpublic information learned as part of their job. Company A also advised employees who learned about the acquisition of Company B that this

information was confidential and that they were not allowed to trade stock of Company A or Company B during the time period leading up to the acquisition.

      f.      As a result of this policy and request, Individual A owed Company A a duty of trust and confidence to maintain the confidentiality of material nonpublic information he learned as part of his job, and was prohibited from trading Company B stock based on that information.

      g.      GREVAS owed duties of confidence and trust to her husband, Individual A. GREVAS knew that Individual A expected that she would maintain the confidentiality of any material nonpublic information she obtained from him, and understood that she could not use or share any confidential information she obtained or learned from Individual A that had been entrusted to Individual A through his employment with Company A.

      2.      Beginning no later than August 2019, and continuing through September 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

DENISE GREVAS,

defendant herein, directly and indirectly, by the use of a means and instrumentality of interstate commerce, willfully used and employed, in connection with the purchase and sale of securities, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device and scheme to defraud; and (b) engaging in an act, practice, and a course of business which operated and would operate as a fraud and deceit upon any person, which scheme is further described below.

3. It was part of the scheme that GREVAS misappropriated for her own benefit certain material nonpublic information that she obtained from Individual A about Company A's acquisition of Company B as a result of his employment at Company A, in breach of the duties of trust and confidence GREVAS owed to Individual A. GREVAS, while in possession of this material nonpublic information, purchased Company B's stock, and as a result made illegal profits of approximately $286,960.

4. It was further part of the scheme that in August 2019, before Company A and Company B publicly announced the acquisition, Individual A learned through his employment that Company A was in the process of acquiring Company B. This information was material and nonpublic. Individual A had a duty to Company A not to trade Company A and Company B stock while in possession of this information. By virtue of their marriage, this duty of confidentiality and trust extended from Individual A to GREVAS.

5. It was further part of the scheme that throughout the months of August and September 2019, GREVAS, in breach of her duty to Individual A conducted securities transactions that she designed to be profitable if the price of Company B stock increased. On September 16, 2019, after the public announcement of the acquisition of Company B by Company A, the value of Company B's stock increased.

6. It was further part of the scheme that, after the price of Company B's stock increased on and after September 16, 2019, GREVAS sold the Company B stock

that she had purchased in August and September 2019 and made a profit of approximately $286,960.

7. It was further part of the scheme that GREVAS misrepresented, concealed, and hid, and caused to misrepresented, concealed, and hidden, the true purpose of acts done in furtherance of the scheme.

8. On or about August 19, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

DENISE GREVAS,

defendant herein, in connection with the purchase and sale of a security, willfully used and caused the use of a means and instrumentality of interstate commerce, namely, the internet, to enter an order to purchase 100 shares of Company B stock;

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY alleges:

1. Upon conviction of an offense in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), Title 17, Code of Federal Regulations, Section 240.10b-5, as set forth in this information, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $286,960.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

MATTHEW MADDEN
Digitally signed by MATTHEW MADDEN
Date: 2021.08.16 08:57:27 -05'00'

Signed by Matthew F. Madden
on behalf of the
UNITED STATES ATTORNEY